IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN T. MIDGETT, TRUSTEE OF THE HARDCASTLE
CHARITABLE REMAINDER ANNUITY TRUST U/A
AUGUST 6, 2007,

        Plaintiff,

v.                                               Case No. 2:17cv663

MAILE SUSAN HARDCASTLE,

        Defendant.

## MAILE SUSAN HARDCASTLE'S MEMORANDUM IN SUPPORT OF MOTION TO EXTEND/MODIFY SCHEDULING ORDER AND COMPEL DEPOSITION

Defendant Maile Susan Hardcastle ("Maile"), by counsel, submits this Memorandum in Opposition to Plaintiff's Motion to Extend/Modify Scheduling Order and Compel Deposition.

## BACKGROUND

Plaintiff is the trustee of the Hardcastle Charitable Remainder Annuity Trust u/a August 6, 2007. Maile is one of the annuity beneficiaries of trust established by her father, Captain William Hardcastle and her step-mother, Mary V.M. Hardcastle. On September 22, 2017, Plaintiff amended the trust to enable him to demand that the annuity beneficiaries agree to pay an uncertain tax liability owed by the trust or else they would lose their right to annuity payments, past and future, from the trust. Despite not knowing how much tax liability was payable, Plaintiff demanded that the annuity beneficiaries agree to pay that uncertain tax liability within ten days or else they would lose their right to annuity payments. Maile objected to the amendment, and Plaintiff decided that Maile had lost her right to annuity payments.

Plaintiff filed suit against Defendant on December 27, 2017 seeking to recover annuity payments that had been previously paid to Maile. Maile argues that the amendment added by

Plaintiff was invalid and that she is otherwise entitled to past and future annuity payments from the trust.

On August 3, 2018, nearly three weeks before the end of Defendant's discovery period on August 23, 2018, counsel for Maile asked counsel for Plaintiff to "[p]lease provide me with your clients' available dates for a deposition before the end of August. As you know, time in getting short in this matter, so I would appreciate a quick response." On August 6, 2018, after Plaintiff's counsel did not respond, Maile's attorney asked Plaintiff's attorney to provide him with deposition dates by the end of the day on August 7 or else he would be forced to file a motion to compel.

On August 7, 2018, Plaintiff's counsel responded: "Midgett and I are available all day 8/30, 8/22 and 8/20 (though I'm supposed to be at a luncheon with the HR Congressional delegation for the Chamber so use only if we have to please). Also 8/21 (after 2:00), 8/27 (after 10:00) and 8/29 (after 2:00)." On August 9, 2018, Plaintiff's counsel asked Maile's counsel to "let me know which date you want for the Trustee's deposition so we can release the other dates currently being held for you." Maile's attorney agreed to have Plaintiff's deposition on August 27, 2018 at 2:00 PM. (Email thread attached as **Exhibit 1**.)

On August 20, 2018, Maile's attorney served a copy of Notice of Deposition on Plaintiff. (**Exhibit 2**.) Plaintiff's attorney confirmed receipt on the same day. (**Exhibit 3**.) On August 20, 2018, Plaintiff's attorney asked that the deposition take place at Plaintiff's attorney's office instead of at Plaintiff's office, as stated on the original notice. (**Exhibit 4**.) On August 20, 2018, Maile's attorney served an amended notice of deposition stating that the deposition would take place at Plaintiff's attorney's office, pursuant to Plaintiff's request. (**Exhibit 5**.) Plaintiff's

counsel did not note any objections to the amended notice for a deposition at his office on August 27, 2018 in any of his correspondence.

Subsequently, on August 23, 2018, the last day of Maile's discovery period, at another deposition in the case that started at 4:00 PM, Plaintiff's counsel for the first time advised Maile's counsel that because Plaintiff's deposition was scheduled for a date after Defendant's discovery deadline, he had to advise his client that he could choose not to sit for the deposition. Plaintiff's counsel stated that he would recommend that his client sit for the deposition anyway.

On August 24, 2018, Plaintiff's counsel informed Maile's counsel,

> In follow up to my conversation with Richard and Tom yesterday, since Ms. Hardcastle's discovery cut-off per the Scheduling Order was yesterday, the Trustee will not appear for a deposition Monday as noticed. I will file a motion for protective order pursuant to Rule 26(c) unless notified that the deposition notice has been voluntarily withdrawn.

Maile's counsel responded, "The deposition date was set two weeks before the discovery cutoff with your express agreement. We will not voluntarily withdraw the notice and will file a motion to compel and for sanctions if Mr. Midgett does not appear." Plaintiff's counsel responded,

> I did not agree to extend the discovery cut-off. Nor can counsel do so in the EDVA. You asked for days 'before the end of the month' and I gave them to you. You acted in bad faith pretending that 8/30 was your deadline in hopes of pulling one over on me and in disregard of your deadlines because your colleagues had slept on the case. It didn't work. I gave you dates prior to the cut-off. You declined to use them. I'll file my motion today. We're not coming Monday to your untimely deposition. I look forward to appearing before the court on it as well.

(Email thread attached as **Exhibit 6.**)

Plaintiff has filed a Motion for a Protective Order seeking to forbid Maile from having the opportunity to depose Plaintiff. Maile has filed a Memorandum in Opposition to Plaintiff's Motion.

**CERTIFICATION**

3

As shown by the above-described emails, counsel for Maile made a good faith effort with Plaintiff's counsel to resolve the discovery matter at issue before resorting to seeking relief in this Court.

## ARGUMENT

This Court should modify the Rule 16(b) Scheduling Order and/or extend Defendant's discovery cutoff therein and compel Plaintiff to appear for his deposition. Maile, in good faith, and well before the end of the discovery period, worked with Plaintiff to set his deposition at a time and place of his convenience. Plaintiff did not advise Defendant that there was any problem with the date until the last day of Defendant's discovery period, when Defendant could not require Plaintiff to appear at a date before the deadline. This Court should reject this attempt by Plaintiff to use procedural gamesmanship to avoid having to appear at a deposition in litigation he originated at a date <u>he agreed to</u>.

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16(b), a court may modify a scheduling order for good cause and with the judge's consent. A court has discretion to modify the scheduling order when warranted based on the circumstances of the case. *Vigilant Ins. Co. of N.Y. v. McKenney's, Inc., C.A.*, No. 7:09-cv-02076-JMC, 2011 WL 2415005, *1 (D.S.C., June 10, 2011). Alternatively, pursuant to Federal Rule of Civil Procedure 6(b)(2), a court has discretion to extend Scheduling Order deadlines after their expiration if the party failed to act because of excusable neglect.

Pursuant to Federal Rule of Civil Procedure 37(a), a party may move to compel discovery. In the event that a motion to compel is granted, a court must require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct to pay the movant's reasonable expenses incurred in making the motion, including attorney fees,

unless the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, the opposing party's action was substantially justified or other circumstances make an award of expenses unjust. *See also* Fed. R. Civ. P. 37(d) (providing that a party who fails to appear for his deposition or his attorney advising him to do so is subject to sanctions and/or may be required to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or circumstances make an award of expenses unjust).

Maile asks this Court to modify the Scheduling Order and/or extend her discovery period therein to enable her to depose Plaintiff. She also asks that this Court compel Plaintiff to appear for his deposition. She requests that this Court levy sanctions about Plaintiff and/or his attorney because their behavior necessitated the filing of this Motion. Maile submits that Plaintiff's actions undermined a good faith attempt by Maile to work with Plaintiff to depose him, as she has a right to do, at a time and place of his convenience.

As outlined above, on August 3, 2018, nearly three weeks before the close of the discovery period, Maile's attorney reached out to Plaintiff's attorney to determine Plaintiff's available dates for a deposition. Maile's attorney sought in good faith to find a time that would be convenient for all parties involved. Recognizing the busy schedules of the parties and in good faith, Maile's attorney asked for dates before the end of the month of August.[1] Plaintiff's

---

[1] Any suggestion that Maile's attorney tried to trick Plaintiff's counsel into believing that the discovery period lasted until the end of August is baseless. First, Plaintiff's counsel had the Scheduling Order at his disposal throughout this process and could have easily voiced his objections to deposition dates after August 23, 2018 in response to Maile's attorney's initial request or in any of the intervening time before August 23, 2018. Moreover, Maile's attorney made his request on August 3, 2018, nearly three weeks before the end of the discovery period, so there was no reason why Maile's counsel would need to resort to any sort of trickery to have the depositions after the discovery period. In the same vein, there would no advantage to Maile to having the deposition four days after the end of the discovery period. Maile's attorney sought

attorney provided available dates, including August 27, 2018. The parties agreed to have the deposition on that date, and Maile's attorney noticed the deposition for that date. In a further show of good faith and commitment to resolving procedural issues between the parties without court involvement, upon request by Plaintiff's attorney, Maile's attorney modified the deposition notice so that the deposition would take place at the office of Plaintiff's attorney.

Despite affirmatively providing August 27, 2018 as an available date and engaging with Maile's attorney to determine the proper time and place for the deposition since the initial request on August 3, 2018, Plaintiff's attorney conveniently waited until after 4:00 PM on the last day of the discovery period to first notify Maile's attorney that his client may have an issue with the fact that the deposition was set for four days after the discovery period. Plaintiff and his attorney had access to the Scheduling Order throughout this entire process and never voiced an objection until after it was too late for Maile's attorney to notice a deposition within the discovery period. If Plaintiff had voiced an objection to a deposition on August 27, 2018 earlier, counsel for Maile would have arranged for the deposition to occur before the end of the discovery period.

There would have been no prejudice to Plaintiff to submit to a deposition on August 27, 2018. The deposition was scheduled on August 27, 2018 because Plaintiff's counsel had expressly stated that it was a date on which he and Plaintiff were available for the deposition. Notably, in his Motion and Memorandum in Support of his Motion for a Protective Order, Plaintiff did not identify any prejudice that submitting to a deposition on August 27, 2018 would

---

dates before the end of August in good faith to ensure that the parties involved, including Plaintiff, who has a busy law practice, could choose a date that worked best with their schedules.

cause him, other than the fact that it was scheduled by agreement of the parties for only four days after the close of Maile's discovery period.

In sum, Maile has operated in good faith throughout these discovery processes and, as the rules command, sought to work with Plaintiff to conduct Plaintiff's deposition at a time and place that was convenient for everyone. Defendant apparently saw what he thought was an opportunity to avoid submitting to a deposition in a case he brought and to take advantage of Maile's good faith attempt to reach an agreeable deposition date, and reneged on his agreement to submit to a deposition but only after it was too late for Maile to modify her request to have the deposition within the discovery period.[2] Maile is entitled to depose the Plaintiff who is bringing suit against her and who was a key player in the events relevant to this case to prepare her case for trial. *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 422 (N.D. W. Va. 2006) (explaining that "[g]amesmanship to evade answering [discovery requests] as required is not allowed.").

Therefore, there is good cause for this Court to modify Maile's discovery deadline in the Scheduling Order. Alternatively, it would be proper for the Court to extend this deadline because any neglect Maile had in complying with the deadline was excusable in light of the fact that Plaintiff had agreed to the date well in advance and failed to voice any objection until

---

[2] Plaintiff and his counsel have exhibited an obstructionist and unprofessional attitude in response to Maile's discovery efforts. In addition to the incident involved in the instant issue, on the due date of Maile's discovery requests on August 22, 2018, when Maile's counsel advised Plaintiff's counsel that they were not willing to narrow a discovery request, Plaintiff's counsel fired back in an e-mail "***That makes you idiots***. I'll get them to you when I can. Anything beyond what I've described has zero to do with your client and you know it. Transmittal letters to Capt. H. and Mary VMH with annuity payments and the like are not remotely pertinent to this case." **Exhibit 7** (emphasis added).

7

Maile's discovery deadline.[3] Additionally, it is proper for this Court to compel Plaintiff to appear for a deposition in this case. In light of the fact that Plaintiff's attempted gamesmanship to bar Maile from deposing the person who filed suit against her necessitated the filing of this Motion, Maile asks the Court to impose sanctions against Plaintiff and/or his attorney and to pay the costs Maile incurred, including counsel fees, caused by this behavior.

## CONCLUSION

For the foregoing reasons, Maile respectfully asks this Court to modify its Scheduling Order or extend Maile's discovery period to enable her to depose Plaintiff, to order that Plaintiff submit to a deposition within eleven (11) days of the Court's order, to order appropriate sanctions against Plaintiff, including reasonable expenses, including counsel fees, and grant such further relief as the Court deems just and proper.

MAILE SUSAN HARDCASTLE

/s/ *Richard H. Ottinger*
    Of Counsel

Richard H. Ottinger (VSB No. 38842)
Anita O. Poston (VSB No. 14032)
W. Thomas Chappell (VSB No. 87389)

---

[3] Notably, Plaintiff attempts to bar Maile from being able to depose him based on a technical reading of the Federal Rules of Civil Procedure, while at the same time, failing to comply with those rules himself. Plaintiff's Motion and Memorandum in Support of his Motion includes no certification that Plaintiff made a good faith attempt with Maile's attorney to resolve this dispute outside of court. Such a certification is required by Federal Rule of Civil Procedure 26(c) to be included in any Motion for a Protective Order. Moreover, despite that Plaintiff's responses to Maile's discovery requests were due on August 22, 2018, Plaintiff failed to disclose 354 pages of responsive production until August 23, 2018. Plaintiff also failed to disclose 175 pages of responsive material until the next day, August 24, 2018, which was after the end of Maile's discovery deadline. He did not note in his initial responses that additional production was forthcoming or seek an extension from opposing counsel to file late responses. Additionally, despite asserting attorney client privilege and the work product doctrine as objections to several of Maile's Requests for Production of Documents, Midgett failed to include a privilege log in his responses as required by Federal Rule of Civil Procedure 26(b)(5).

VANDEVENTER BLACK LLP
101 West Main Street
500 World Trade Center
Norfolk, Virginia 23510
Telephone: (757)446-8600
Facsimile: (757)446-8670
rottinger@vanblacklaw.com
aposton@vanblacklaw.com
tchappell@vanblacklaw.com
*Counsel for Maile Susan Hardcastle*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 31, 2018, I electronically filed the foregoing with the Court using the CM/ECF system which will then send notification of such filing to the following:

Glen M. Robertson (VSB No. 30161)
WOLCOTT RIVERS GATES
200 Bendix Road, Suite 300
Virginia Beach, Virginia 23452
Telephone: (757)497-6633
Facsimile: (757)687-3678
grobertson@wolriv.com
*Counsel for Plaintiff*

            /s/ *Richard H. Ottinger*
               Of Counsel

Richard H. Ottinger (VSB No. 38842)
Anita O. Poston (VSB No. 14032)
W. Thomas Chappell (VSB No. 87389)
VANDEVENTER BLACK LLP
101 West Main Street
500 World Trade Center
Norfolk, Virginia 23510
Telephone: (757)446-8600
Facsimile: (757)446-8670
rottinger@vanblacklaw.com
aposton@vanblacklaw.com
tchappell@vanblacklaw.com
*Counsel for Maile Susan Hardcastle*

4812-7144-6385, v. 1